O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| YOUNG J. CHOI,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>        Defendant. | Case № 2:15-cv-09679-ODW-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [6]** |

## I. INTRODUCTION

Presently before the Court is Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Complaint. (ECF No. 6.) For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff Young Choi filed her Complaint on November 12, 2015 in Los Angeles County Superior Court stating that Defendant owes her $1,000 due to alleged violations of the Fair Debt Collections Practices Act ("FDCPA"). (ECF No. 1; "Compl.") The case was removed to this Court on December 16, 2015. It is unclear

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

from the Complaint why Plaintiff would be entitled to such relief, how the FDCPA applies to his claim, and what violation actually occurred. (*Id.*)  Defendant filed the present Motion to Dismiss on December 23, 2015.  (ECF No. 6.)  On February 19, 2016, the Court ordered Plaintiff to show cause in writing by March 4, 2016 why the case should not be dismissed.  (ECF No. 9.)  On March 3, 2016, Plaintiff filed a response to the Court's Order, and on March 10, 2016, Defendant replied.  (ECF Nos. 10, 11.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiff did not submit any substantive argument in opposition to any of the points that Defendant raises, and his Opposition does little more than reiterate what was stated in the Complaint. The failure to substantively oppose a motion to dismiss can be "construed as a waiver or abandonment of those issues warranting dismissal of [those] claims." *Shorter v. Los Angeles Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013); *see also, e.g., Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009))), *aff'd*, 646 F.3d 1240 (9th Cir. 2011); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Defendant's Motion to Dismiss was set for hearing on February 1, 2016. On February 19, 2016, the Court ordered Plaintiff to show cause in writing by March 4, 2016 why the case should not be dismissed. (ECF No. 9.) Plaintiff responded to the Court's Order, but failed to include any substantive argument. (ECF No. 10)

Plaintiff's Complaint merely alleges that she is entitled to damages of $1,000.00 because Defendant allegedly violated the FDCPA. However, it is unclear from the Complaint why Plaintiff is entitled to the relief she is seeking as she has not pled any facts which state a claim upon which relief may be granted. Specifically, Plaintiff alleges no facts to demonstrate that Defendant violated any of the provisions of the

FDCPA, in addition to failing to allege any facts regarding the transaction of which she is complaining.

The Court finds that Plaintiff's failure to provide a defense of any of her claims in opposition to the motion to dismiss is in effect a concession that those claims lack merit. As a result, dismissal of those claims without leave to amend is appropriate.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Select Portfolio Servicing's Motion to Dismiss without leave to amend. (ECF No. 6.)

**IT IS SO ORDERED.**

March 29, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**